UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
:
:
MCLELLAN,                                        :
:
                Plaintiff,    :     15 Civ. 6759 (TPG)
:
       v.                              :     ECF CASE
:
CITY OF NEW YORK, ET AL.,                        :     **OPINION**
:
                Defendants.   :
:
:
------------------------------------------------x

Before the court is the City of New York's request to stay the above-captioned action, and plaintiff counsel's opposition to the City's request to stay. The City's request for a stay is denied.

## **Background**

Plaintiff Hakeem McLellan filed this § 1983 action following his arrests by NYPD officers on March 13, 2015 and April 6, 2015 in the Bronx. McLellan claims he was falsely arrested and imprisoned on both occasions.

During the March 13 arrest, McLellan was arrested for robbery and assault at the same time as certain young men were arrested. The Bronx District Attorney's office deferred prosecution of McLellan but proceeded on criminal charges against one of the other arrestees, Shawn Reid.

The Bronx DA asked the City to request a stay of this action pending disposition of the criminal matter against Reid. The City did request the stay. McLellan opposes this request.

1

## Discussion

The issue before the court is whether to stay McLellan's pending civil action while a non-parallel criminal action is ongoing. Courts in this circuit have held that civil and criminal cases need not be perfectly "parallel" in order to be related so as to justify a stay. See United States v. Banco Cafetero Intern., 107 F.R.D. 361, 365 (S.D.N.Y. 1985) (although cases cannot be related where "parties, issues, and relevant facts and transaction are different . . . [,] identity of issues and parties between criminal and civil case may not be necessary"), aff'd, 797 F.2d 1154, 1163 (2d Cir. 1986). However, a stay of a civil case is an extraordinary remedy. Jackson v. Johnson, 985 F. Supp. 422, 424 (S.D.N.Y. 1997).

In determining whether to stay a civil proceeding pending the outcome of a related criminal case, courts consider a number of factors, including: the extent to which the issues in the criminal case overlap with those presented in the civil case; the status of the criminal case, including whether the defendants have been indicted; the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to the plaintiff caused by the delay; the private interests of and burden on the defendants; the interests of the courts; and the public interest. See Hicks v. City of New York, 268 F. Supp. 2d 238, 241 (E.D.N.Y. 2003) (citing cases).

Generally, stays are unlikely to issue in cases where there is no evidence of undue prejudice or substantial interference with the defendant's constitutional rights, see id., or where there has not yet been any indictment

against the defendant, see, e.g., Paine, Webber, Jackson & Curtis Inc. v. Malon S. Andrus, Inc., 486 F. Supp. 1118, 1119 (S.D.N.Y. 1980).

## A. Overlap of Issues

As stated earlier, McClellan claims that members of the NYPD falsely arrested and imprisoned him on March 13 and April 6, 2015. In the criminal action that forms the basis of the Bronx DA's stay request, McClellan is not a defendant. Rather, the defendant in the criminal action was merely arrested at the same time that McLellan was arrested. McLellan's § 1983 suit has some relation to the Bronx criminal matter only as to the timing of the arrests.

"Although the Government's argument in favor of a stay is not as compelling when the claimant is not a criminal defendant or a potential target of a criminal investigation, the considerations supporting a stay remain the same where the claimant is a relative or associate of the criminal defendant." United States v. Leasehold Interests in 118 Ave. D, Apartment 2A, 754 F. Supp. 282, 289 (E.D.N.Y. 1990). The City does not indicate that McLellan is the target of an ongoing criminal investigation. Moreover, McLellan's § 1983 case deals with two alleged occasions of false arrest and false imprisonment—one on March 13, 2015 and one on April 6, 2015. From the parties' descriptions, the state's case against Reid is only relevant to McLellan insofar as the men were arrested together on March 13. Reid does not seem to directly figure into the April 6 arrest.

The City does not convincingly argue that Reid and McLellan's cases are parallel or strongly related, and it is unclear to the court how discovery on

3

McLellan's April 6 arrest would prejudice the city at all in Reid's case. This factor tips in favor of McLellan's opposition to the stay.

### B. Status of Criminal Case

As noted above, courts are more likely to stay a pending civil action where the civil litigant has been indicted in a parallel criminal case. Here, it is important to note at the outset that there has been no indictment of McLellan. Instead, the Bronx DA deferred prosecution of McLellan. Reid, who was arrested alongside McLellan, has been indicted and trial is expected to proceed within the next few months.

The City has also not made any particular showing of harm or prejudice to the related criminal trial in the event discovery requests were complied with in McLellan's case. For this reason, and because McLellan has not been indicted, this factor, too, tips in favor of McLellan's opposition to the stay.

### C. Private & Public Interests

Prevailing law in this district holds that a plaintiff should not be delayed in diligently proceeding with his claim unless the party moving for a stay would otherwise suffer undue prejudice or its constitutional rights would be violated without a stay. The City's arguments are weak on these fronts. It does not argue that plaintiff McLellan is attempting to abuse the discovery process by accessing documents in the civil context he would otherwise be denied in the criminal context. Rather, the City's argument relates to some speculative disadvantage that might befall the unrelated prosecution of <u>Reid</u>. If the Court granted the present motion, it would unnecessarily delay resolution of this case.

## Conclusion

After examination of the interests at stake, it appears that the balance of the parties' divergent interests weighs in favor of McLellan. Accordingly, the City's motion for a stay is denied.

SO ORDERED.

Dated: New York, New York
January 8, 2016

Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/08/2016