UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
HAKEEM McCLELLAN,

                Plaintiff,            15 CV 6759 (TPG)

    -against-

THE CITY OF NEW YORK, SURAJU          **AMENDED COMPLAINT**
MURTALA, MICHAEL NESTLER, ROBERT
DURST, JORGE CHAVEZ, BRYAN
MALLOW, and JOHN DOES 1-3,

                                                **PLAINTIFF DEMANDS**
                Defendants.            **A TRIAL BY JURY**
----------------------------------X

        Plaintiff Hakeem McClellan, by his attorneys Lumer & Neville, as and for his Amended Complaint, hereby alleges upon information and belief as follows:

### PARTIES, VENUE and JURISDICTION

        1.    At all times hereinafter mentioned, plaintiff Hakeem McClellan was an adult male resident of Bronx County, in the State of New York.

        2.    At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

        3.    At all relevant times hereinafter mentioned, defendant Suraja Murtala (Tax Identification number 956286) was a member of the NYPD. Murtala is sued herein in his official and individual capacities.

4. At all relevant times hereinafter mentioned, defendant Michael Nestler (Tax Identification number 937175) was a member of the NYPD. Nestler is sued herein in his official and individual capacities.

5. At all relevant times hereinafter mentioned, defendant Robert Durst (Tax Identification number 946684) was a member of the NYPD. Durst is sued herein in his official and individual capacities.

6. At all relevant times hereinafter mentioned, defendant Jorge Chavez (Shield 11332) was a member of the NYPD. Chavez is sued herein in his official and individual capacities.

7. At all relevant times hereinafter mentioned, defendant Bryan Mallow (Tax Identification number 956057) was a member of the NYPD. Mallow is sued herein in his official and individual capacities.

8. At all relevant times hereinafter mentioned, defendants John Doe 1-3 were members of the NYPD whose identities are not known to plaintiff. The Doe defendants are sued herein in their official and individual capacities.

9. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

10. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Southern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

11. A Notice of Claim was timely served by the plaintiff upon the

defendant City of New York.

12. The City of New York subsequently conducted an examination of the plaintiff pursuant to General Municipal Law §50-H.

13. At least thirty days have passed since plaintiff's service of his Notice of Claim, and adjustment and payment thereof has been neglected or refused by the City of New York.

14. Plaintiff has complied with all of obligations, requirements and conditions precedent to commencing an action against New York City under New York law.

## RELEVANT FACTS

15. On March 13, 2015, the then-eighteen year-old plaintiff left his residence in the Bronx to meet his cousin at a local area school. As he walked towards his destination, he encountered several young male acquaintances.

16. As he continued walking along East 215 Street, he was stopped by two police officers, one of whom is believed to be defendant Murtala.

17. Several other officers were further down the block, where they were stopping plaintiff's acquaintances.

18. Plaintiff was summarily seized, handcuffed, and arrested, and transported to a local area NYPD station house, where he was jailed for a period of many hours while his arrest, B15615248, was processed.

19. The decision to arrest plaintiff was made by Murtala and certain or all

of the other individual defendants, including, upon information and belief, Chavez, and/or Mallow, as well as Durst, who was a supervisory officer.

20. Plaintiff was subsequently transported to Bronx Central Booking, where he was held for many more hours.

21. While in defendants' custody, plaintiff was placed in overly tight handcuffs and suffered physical injuries to his wrists and hands.

22. The Bronx District Attorney ("BXDA") declined to prosecute plaintiff and he was released from custody without being charged after being incarcerated for well in excess of 30 hours.

23. On or about April 6, 2015, at or about 8:00 a.m., multiple members of the NYPD, including defendant Nestler and, upon information and belief, one or more of the Doe defendants, appeared at plaintiff's residence where he was seized and taken back to the same local area NYPD station house. He was kept in defendants' custody for the entire day until about 6:00 p.m., when he was transported to another location and placed in a line up. He was then returned to the local station house for a period of time, and then released from custody without being charged.

24. Based upon information later provided by the BXDA, plaintiff was seized because the defendants suspected plaintiff may have been involved in a gang assault.

25. However, plaintiff was only not involved in any such gang assault, he had not engaged in any activity that could reasonably have been viewed as remotely criminal, and the defendants lacked any basis to initially seize him on March 13, much less imprison

4

him for more than 30 hours without so much as issuing him a summons.

26. The initial seizure of plaintiff was done without probable cause or any reasonable basis to believe such cause existed, and the continued detention of plaintiff with the hope that some evidence to justify the defendants' conduct might somehow be found was blatantly unconstitutional.

27. Defendants did not obtain any further evidence prior to their arrest of plaintiff on April 6, and that seizure and his detention for the entire day was knowingly carried out without any lawful basis or any reasonable basis to believe this conduct was lawful or would not otherwise violate plaintiff's constitutional rights.

28. At no time did any of the defendants take any steps to inform the KCDA about any of the deficiencies in the eyewitnesses' supposed identification of plaintiff or the coercive role the defendants deliberately played to bring about the false identification of plaintiff as one of the shooters.

29. Both defendants was aware of their own misconduct and/or that of each other, yet, at no time did any of the defendants, or any other member of the NYPD, take any steps to intervene in, prevent, or otherwise limit the illegal, unlawful and unconstitutional conduct engaged in by their fellow officers.

30. That at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

(§1983 Claims of False Arrest and Imprisonment
Against the Individual Defendants for the March 13 Arrest)

31. Plaintiff repeats the allegations contained above as though stated fully herein.

32. The individual defendants, including Murtala, Chavez, Mallow, and Durst, if not others, willfully and intentionally seized, arrested, and imprisoned plaintiff on March 13, 2015, without probable cause, and without a reasonable basis to believe such cause existed, or otherwise failed to intervene while their fellow officers engaged in this unconstitutional conduct.

33. These individual defendants individually and collectively subjected the plaintiff to false arrest and imprisonment and thereby violated and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

34. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, imprisonment and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

(§1983 Claims of False Arrest and Imprisonment
Against the Individual Defendants for the April 6 Arrest)

35. Plaintiff repeats the allegations contained above as though stated fully

herein.

36. The individual defendants, including Nestler and at least some of the individual defendants, willfully and intentionally seized, arrested, and imprisoned plaintiff on April 6, 2015, without probable cause, and without a reasonable basis to believe such cause existed, or otherwise failed to intervene while their fellow officers engaged in this unconstitutional conduct.

37. These individual defendants individually and collectively subjected the plaintiff to false arrest and imprisonment and thereby violated and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

38. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, imprisonment and the deprivation of liberty, and the loss of his constitutional rights.

## THIRD CAUSE OF ACTION

(State Law Claim of False Arrest and Imprisonment
Against All Defendants for the March 13 Arrest)

39. Plaintiff repeats the allegations contained above as though stated fully herein.

40. Plaintiff was subjected to false arrest and false imprisonment when he was arrested without probable cause by members of the NYPD on March 13, 2015, and held in custody thereafter.

41. At no time did the defendants have any legal basis for seizing, arresting, and imprisoning plaintiff, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

42. The individual defendants are therefore liable under state law to plaintiff for false arrest and false imprisonment and the municipal defendant is vicariously liable to the plaintiff for said acts of its employees and agents.

43. By reason thereof, defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, imprisonment and the deprivation of liberty.

## FOURTH CAUSE OF ACTION

(State Law Claim of False Arrest and Imprisonment
Against All Defendants for the April 6 Arrest)

44. Plaintiff repeats the allegations contained above as though stated fully herein.

45. Plaintiff was subjected to false arrest and false imprisonment when he was arrested without probable cause by members of the NYPD on April 6, 2015, and held in custody thereafter.

46. At no time did the defendants have any legal basis for seizing, arresting, and imprisoning plaintiff, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

47. The individual defendants are therefore liable under state law to plaintiff for false arrest and false imprisonment and the municipal defendant is vicariously

liable to the plaintiff for said acts of its employees and agents.

48. By reason thereof, defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, imprisonment and the deprivation of liberty

.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

    i. Actual and punitive damages against each of the individual defendants in an amount to be determined at trial;

    ii. Actual damages against the municipal defendant in an amount to be determined at trial;

    iii. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

    iv. such other relief as the Court deems just and proper.

Dated:   New York, New York
          March 14, 2016

                                          LUMER & NEVILLE
                                          Attorneys for Plaintiff
                                          225 Broadway, Suite 2700
                                          New York, New York 10007
                                          (212) 566-5060

By: _____
                                   Michael B. Lumer (ML-1947)