```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
                                    :
HAKEEM McCLELLAN,                   :
                                    :
                    Plaintiff,      :
                                    :
        - against -                 :     15-CV-06759 (TPG)
                                    :
                                    :          **OPINION**
CITY OF NEW YORK, et al.,           :
                                    :
                    Defendants.     :
                                    :
                                    :
------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/20/2017

On August 27, 2015, Plaintiff Hakeem McClellan filed claims of false arrest and imprisonment under both 42 U.S.C. § 1983 (2012) and New York state law against the City of New York, Police Officers Murtala Suraju, Jorge Chavez, and Bryan Mallow, Detective Michael Nestler, and Sergeant Robert Durst. Defendants now move for summary judgment on all claims. For the reasons stated below, the court grants this motion for summary judgment.

## BACKGROUND

This case arises out of events that occurred on March 13, 2015. On this day, the New York Police Department ("NYPD") received a 911 call from Daniel Jorge stating that a group of teens was attacking his sons around 216 Street and White Plains Road. ECF No. 56, at 11; ECF No. 58, at 2. Four officers—defendants Durst, Chavez, Mallow, and Suraju—who had been patrolling the area after responding to a previous call, arrived at the scene after the NYPD

1

dispatcher broadcast the incident over the radio. ECF No. 51, at 2; ECF No. 58, at 3.

When the officers arrived, Jorge called the officers over, reporting that "his two sons had just been attacked and robbed by a group of young black men." ECF No. 51, at 2; ECF No. 58, at 4. He stated that his sons were attacked and that he himself had been punched in the face by one of the attackers. ECF No. 58, at 4. Jorge and his sons both sustained visible injuries. ECF No. 51, at 7; ECF No. 58, at 10. Jorge provided the officers with a description of his attacker and joined the officers in their search of the area. ECF No. 51, at 3; ECF No. 58, at 5-6.

Defendants then received a call from a nonparty officer, reporting that a group of six individuals fitting Jorge's description were walking near a restaurant in the neighborhood. ECF No. 58, at 6. Defendants drove to the restaurant, where Jorge identified the individuals as "the group that had attacked his sons." ECF No. 51, at 4; ECF No. 58, at 7. After Jorge identified the group, defendants Durst and Chavez asked the group to stop. ECF No. 51, at 5; ECF No. 58, at 7.

Two of the men ran away from defendants and a nonparty officer pursued them in his vehicle. ECF No. 51, at 5; ECF No. 58, at 9. The remaining four men in the group, including plaintiff, were handcuffed and transported to the NYPD stationhouse. ECF No. 51, at 6; ECF No. 58, at 9. The two men who fled the scene were apprehended a few blocks away and also taken to the stationhouse. ECF No. 5, at 6; ECF No. 58, at 10. Jorge and his sons then went

2

to the stationhouse with the defendant officers to identify the individuals. ECF No. 51, at 6; ECF No. 58, at 10.

The Bronx Assistant District Attorney met with Jorge and his two sons the day after the incident, and decided to defer prosecution until the police conducted lineups with the sons. ECF No. 51, at 7; ECF No. 58, at 10. The suspects were then released until the lineups could be conducted. ECF No. 51, at 7; ECF No. 58, at 10-11. On March 15, 2015, two days after the incident, defendants Suraju and Nestler went to Jorge's home with photographs of the suspects, and on March 20, 2015, one week after the incident, Nestler looked through a surveillance video that captured the incident. ECF No. 51, at 8; ECF No. 58, at 11.

On April 6, 2015, five nonparty officers went to plaintiff's home under Nestler's orders. ECF No. 58, at 19. The officers apprehended the plaintiff and transported him to an NYPD stationhouse where he was displayed in a lineup in front of Jorge's sons. ECF No 51, at 8; ECF No. 58, at 12. Neither of the sons identified plaintiff as an attacker, and the Bronx District Attorney's office declined to prosecute him. ECF No. 51, at 8-9; ECF No. 58, at 12. Plaintiff was thereafter released. ECF No. 51, at 9, ECF No. 58, at 12. Plaintiff then brought this action for false arrest against the officers and sergeant present at the scene (Suraju, Chavez, Mallow, and Durst) as well as the detective assigned to the case (Nestler).

**STANDARD OF REVIEW**

Summary judgment should be granted where the moving party can show that there is no "genuine issue as to a material fact" and the "movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is a genuine issue of material fact where "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When deciding a motion for summary judgment, the court must construe all facts and draw all inferences in the light most favorable to the nonmoving party. *Mitchell v. City of New York*, 841 F.3d 72, 77 (2d Cir. 2016). If the nonmoving party can show "sufficient evidence supporting the claimed factual dispute" the court must deny summary judgment. *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968).

**DISCUSSION**

**I.   Plaintiff's Claim Against the NYPD Officers, Sergeant, and Detective**

In order to defeat the motion for summary judgment with respect to the defendant officers, plaintiff must offer evidence sufficient to support the elements of a claim under 42 U.S.C. § 1983 (2012). In order to prove a § 1983 claim, plaintiff must show that defendant (1) deprived plaintiff of any "rights, privileges, or immunities secured by the Constitution and laws" of the United States and (2) that the defendants were acting under the color of state law. *Id.*; *see Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998); *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994); *Cruz v. City of New York*, 232 F. Supp. 3d 438, 451 (S.D.N.Y. 2017); *Landy v. Irizarry*, 884 F. Supp. 788, 794 (S.D.N.Y. 1995).

Further, when a § 1983 claim is for false arrest and false imprisonment, courts analyze the § 1983 claim using the same elements necessary to state a claim for false arrest under New York law. *See Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996); *Douglas v. City of New York*, 595 F. Supp. 2d 333, 339-40 (S.D.N.Y. 2009). These elements are: "(1) the defendant intentionally confined the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise justified." *Douglas*, 595 F. Supp. 2d at 340 (citing *Posr v. Doherty*, 944 F.2d 91, 97 (2d Cir. 1991)). Here, the first three elements are undisputed, and thus the court will focus on the fourth element—whether there was justification for the arrest.

There is sufficient justification for an arrest where there is probable cause for the arrest. *Id.* Thus, in order to succeed on a claim of false arrest, plaintiff bears the burden of providing evidence that a police officer lacked probable cause. *Berry v. Marchinkowski*, 137 F. Supp. 3d 495, 524 (S.D.N.Y. 2015); *Landy*, 884 F. Supp. at 795. An officer has probable cause to arrest where "officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)); *see also Wong Sun v. United States*, 371 U.S. 471, 479 (1963); *Brinegar v. United States*, 338 U.S. 160, 175-76 (1949).

Probable cause is analyzed based on the totality of the circumstances. *Jenkins*, 478 F.3d at 90; *Cruz v. City of New York*, 232 F. Supp. 3d 438, 453 (S.D.N.Y. 2017). It is an objective inquiry based on the facts that the arresting police officer knew at the time of the arrest. *Cruz*, 232 F. Supp. 3d at 453. Absolute certainty is not required. *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006). Among the factors that courts consider are flight from the police, presence at the scene, and similarity of the arrestee to witness descriptions. *See Jenkins*, 478 F.3d at 90-91. "[I]t is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness." *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000) (quoting *Miloslavsky v. AES Eng'g Soc'y, Inc.*, 808 F. Supp. 351, 355 (S.D.N.Y. 1992)); *see also Hargroves v. City of New York*, 411 Fed. App'x 378, 383 (2d Cir. 2011). Thus, information from a victim or eyewitness gives a police officer probable cause to arrest "unless the circumstances raise doubt as to the person's veracity." *Gaston v. City of New York*, 851 F. Supp. 2d 780, 788 (S.D.N.Y. 2012) (quoting *Feehan v. Lengyel*, 278 Fed. App'x 47, 49 (2d Cir. 2008)).

In the instant case, plaintiff was arrested on March 13, 2015 after Jorge identified the group of six as the one that had attacked his sons. ECF No. 51, at 4; ECF No. 58, at 7. Jorge did not hesitate when identifying the group or give the officers any reason to suspect his veracity in making these identifications. Even if he had initially stated in either his 911 call or his conversation with Jorge that his sons had been attacked by *four* assailants, when he saw the group, he

identified all six as part of the group that had attacked his sons. ECF No. 58, at 7. Eyewitness and victim identifications are sufficient to establish probable cause. *See Hargroves* 411 Fed. App'x at 383; *Martinez*, 202 F.3d at 634. It is objectively reasonable that on the basis of this identification, the officers proceeded to arrest the men, take them to the stationhouse, and initiate discussions with the Bronx District Attorney's Office.

The second arrest on April 6, 2015 was also based on probable cause. The only reason that the officers released the suspects in the first instance was because the Bronx Assistant District Attorney wanted to stay prosecution until a lineup was conducted. ECF No. 51, at 7; ECF No. 58, at 10. Thus, with no changes in Jorge's identifications, probable cause still existed. Suraju, Chavez, Mallow, and Durst still reasonably believed that the entire group was involved in the altercation, and Nestler was also operating under this assumption. Because Nestler was relying on Jorge's eyewitness identification when he instructed the nonparty police officers to bring plaintiff in for the lineup, there was probable cause for this second arrest. Further, once Jorge's sons failed to identify plaintiff in the lineup, he was released from custody. ECF No. 58, at 16.

### II. Plaintiff's Claim against the City of New York

Defendants also move for summary judgment as to plaintiff's state law claims that the City of New York should be held vicariously liable for the March 13, 2015 and April 20, 2015 arrests. Municipalities may, in some instances, be held liable for false arrest under state law through the theory of *respondeat superior*. *See Ackerson v. City of White Plains*, 702 F.3d 15, 22 (2d Cir. 2012).

Because the court finds that plaintiff's claim against the defendant officers do not survive summary judgment, however, plaintiff's false arrest claim against defendant New York City also fails. The court grants defendants summary judgment as to this claim.

## CONCLUSION

For the reasons given above, sufficient probable cause existed for both arrests, and thus the court grants defendants' motion for summary judgment. This Opinion resolves Docket Number 50.

SO ORDERED

Dated: New York, New York
September 20, 2017

_____
Thomas P. Griesa
U.S. District Judge